

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Lotus Henrick
County Auditor
Hopkins County
Sulphur Springs, Texas

Dear Sir:

Opinion No. O-3251
Re: Use to be made of Hopkins
County 15¢ road and bridge
tax. And related questions.

We have received your letter of recent date requesting our opinion upon the above stated questions.

Your letter reads as follows:

"I submit to you the following questions asking that you kindly give me your opinion on them.

"(a) Hopkins County has a special 15¢ road and bridge tax rate, or a total of 30¢ for road and bridge purposes. What can this special 15¢ be used for?

"(b) About the first of March, 1939 I ask your opinion with reference to the Commissioners' Court's authority to set the County Treasurer's salary of Hopkins County below the salary paid in 1935. You furnished me a copy of an opinion you had given Honorable Clint A. Barnham, County Attorney, Stephenville, Texas in which you quoted as follows.

"'Commissioners' Court may fix County Treasurer's compensation at any rate not exceeding statutory rate, and reduce the maximum sum to be paid to less than statutory sum.'

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Lotus Hamrick, page 2

"The letter continued by saying that the Commissioners' Court had authority to reduce the maximum sum to be paid to less than the statutory sum. I understand since that time there has been contrary ruling. Please verify these facts.

"(c) Is Hopkins County responsible to persons for personal injury and property damaged in a wreck with a County Commissioner in a County owned car, when the Commissioner was driving the car at 12 o'clock at night out of the line of duty of his office, even though, the wreck was caused by the negligence of the Commissioner, or the fact that the County car did not have lights?

"(d) Is the Commissioner responsible to the County for damages done to the County owned car?"

Article 8, Section 9 of the Constitution of Texas reads in part:

". . . and no county, city or town shall levy more than twenty-five cents for city or county purposes, and not exceeding fifteen cents for roads and bridges, . . . and the Legislature may also authorize an additional annual ad valorem tax to be levied and collected for the further maintenance of the public roads; provided, that a majority of the qualified property tax-paying voters of the county voting at an election to be held for that purpose shall vote such tax, not to exceed fifteen cents on the one hundred dollars valuation of the property subject to taxation in such county. . . ."

The Legislature, in order to give effect to the above constitutional provision, enacted Article 6790 of the Revised Civil Statutes of Texas, 1925, the pertinent portion of which reads as follows:

Honorable Lotus Hamrick, page 3

> "The commissioners court shall order an
> election upon presentation to it at any regu-
> lar session of a petition signed by two hundred
> qualified voters and property tax payers of the
> county, . . . requesting said court to order an
> election to determine whether said court shall
> levy upon the property within said territory a
> road tax not to exceed fifteen cents on the one
> hundred dollars worth of property, under the
> provisions of the amendment of 1889 to the Con-
> stitution of the State of Texas, adopted in
> 1890. Said court may act on such petition
> without notice, and may make an order for such
> election, fixing the amount to be levied, not
> to exceed fifteen cents on the one hundred
> dollars, the election to take place at any
> time thereafter, not less than twenty nor more
> than ninety days from the date of making the
> order therefor. . . ."

Under the above quoted portion of said Article 6790, Hopkins County was authorized in putting into effect that part of the above constitutional provision providing for the levy of an additional 15¢ road tax, where authorized by a majority vote of the property tax paying voters of said county. San Saba County v. McGraw (Sup. Ct.) 108 S. W. (2d) 200.

The Supreme Court of Texas, speaking through Justice Hawkins in the case of Carroll v. Williams, 202 S. W. 504, in passing upon the use to be made of the several classes of funds authorized by Article 8, Section 9 of the Constitution of Texas, had the following to say:

> "Going to the real gist of the main issue
> before us, section 9 of article 8 of our state
> Constitution, supra, inhibits any and all trans-
> fers of tax money from one to another of the
> several classes of funds therein authorized,
> and, as a sequence, the expenditure, for one
> purpose therein defined, of tax money raised
> ostensibly for another such purpose. The immed-
> iate purpose in so prescribing a separate maxi-
> mum tax rate for each of the classes of purposes

Honorable Lotus Hamrick, page 4

there enumerated is, no doubt, to limit, accordingly, the amount of taxes which may be raised from the people, by taxation, declaredly for those several purposes or classes of purposes, respectively. But that is not all. The ultimate and practical and obvious design and purpose and legal effect is to inhibit excessive expenditures for any such purpose or class of purposes. By necessary implication said provisions of section 9 of article 8 were designed, not merely to limit the tax rate for certain therein designated purposes, but to require that any and all money raised by taxation for any such purpose shall be applied, faithfully, to that particular purpose, as needed therefor, and not to any other purpose or use whatsoever. . . ."

Article 6740, Revised Civil Statutes of Texas, 1925, provides, in part:

"The commissioners court shall see that the road and bridge fund of their county is judiciously and equitably expended on the roads and bridges of their county, and, as nearly as the condition and necessity of the roads will permit, it shall be expended in each county commissioners precinct in proportion to the amount collected in such precinct. . . ."

By the express provisions of Article 6740, supra, the road and bridge fund of a county must be judiciously and equitably expended on the roads and bridges of that particular county.

Chief Justice Jones of the Texas Court of Civil Appeals, Dallas, Texas, writing for said Court in the case of Shivers v. Stovall, 75 S. W. (2d) 976, in construing the effect of Article 6740, supra, had the following to say:

"This article defines the duties of the commissioners' court in reference to the expenditure of the road and bridge fund and, in effect, forbids any arbitrary apportionment of such fund among the commissioner precincts.

Honorable Lotus Hamrick, page 5

> There is placed upon the commissioners' court
> the duty of judicially and equitably expend-
> ing the county road and bridge fund on the
> roads and bridges of their county. The term
> 'judiciously', as therein used, means that
> the commissioners' court, in expending such
> fund, shall be directed or governed by sound
> judgment. Webster's New Intern. Dict. The
> term 'equitably,' as therein used, means that
> the fund shall be expended on the roads in
> the county fairly and impartially. Webster's
> New Intern. Dict."

The Shivers case, supra, reached the Supreme Court of Texas on a writ of error, and was affirmed by the Supreme Court. Stovall vs. Shivers, 103 S. W. (2d) 363.

Under the foregoing authorities you are respect-fully advised that it is the opinion of this department that the Hopkins County special 15¢ road and bridge tax must be expended on the roads and bridges of that county.

Your second question is answered by Opinion No. O-3288, addressed to Honorable Artie Stevens, County Attorney, Hopkins County, Sulphur Springs, Texas, a copy of which was mailed to you under date of July 10, 1941.

Your third question should be answered in the nega-tive. This department has rendered several opinions touching the liability of the State (including counties as the State subdivisions exercising the powers of sovereignty), in the ab-sence of statute creating such liability. We are enclosing for your information copies of Opinions Nos. O-779, O-208, O-353, O-2136, O-2473, O-2779 written upon related questions.

The answer to your fourth question is one which must be judicially determined. We have been unable to find any statute which would prevent the Commissioners' Court of Hop-kins County from filing suit against the Commissioner in ques-tion for damages done to the county-owned automobile, but whether or not said commissioner is liable for said damages is a question of fact. This department cannot pass upon ques-tions of fact, this being a matter within the province of the courts or juries of this State.

Honorable Lotus Hamrick, page 6

Trusting that the foregoing disposes of your inquiries, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED JUL 22, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By

D. Burle Davies
Assistant

DBD:db



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN